NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————
                             :

GIACINTO FINOCCHIARO,        :

                             :

        Plaintiff,         :

                             :        Civil Action No. 05-5154 (SRC)

        v.             :

                             :        **OPINION**

SQUIRE CORRUGATED        :

CONTAINER CORP., et al.     :

                             :

        Defendants.      :

———————————————————

**CHESLER, District Judge**

      **THIS MATTER** comes before the Court on a motion to dismiss and for summary judgment brought by Squire Corrugated Container Corp., ("Squire"), and Seymour S. Beneroff, ("Beneroff") (collectively "Defendants") (docket entry # 20), on the claims brought against them by Giacinto Finocchiaro ("Plaintiff"). Because Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1971 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and his claim for breach of fiduciary duty under ERISA is barred by the statute of limitations, the Court **GRANTS** Defendants' motion to dismiss those claims. For the reasons set forth in this opinion the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss or for summary judgment on Plaintiff's claims alleging violations of ERISA's reporting and disclosure requirements.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was employed by Squire from 1978 to 2000.  In a letter from Beneroff dated February 22, 1979, Defendants agreed to pay Plaintiff a six percent commission on all sales generated by Plaintiff while he was working for Squire in the United States.  This agreement continued until July of 1981 or thereabouts, at which time Defendants instructed Plaintiff that he was required to participate in the Squire Employees Pension Plan (the "Plan"), an employee benefit plan organized under ERISA.  As part of Plaintiff's participation in the Plan, his sales commissions were reduced from six to three percent.  Plaintiff alleges that in 1981, Defendants promised him that, in addition to a three percent commission, an amount equal to or greater than three percent of his sales would be deposited by Defendants into the Plan for Plaintiff's benefit.

During 2000, Plaintiff and Defendants engaged in negotiations regarding Plaintiff's entering into a relationship with Defendants as a manufacturers' representative.  In August of 2000, when the parties failed to agree to terms, Plaintiff's employment with Squire was terminated.  According to Plaintiff, the sum of his sales commissions from 1981 through August of 2000, at a rate of three percent, totaled $1,095,022.53.  However, when Plaintiff requested information about his benefits in 2000, Defendants notified him that his accrued principal interest in the Plan amounted to only $360,300.00.  Plaintiff alleges that, despite numerous demands, Defendants have not provided him with an accounting of the formula used to arrive at his accrued principle interest in the Plan and that Defendants have failed to disclose numerous plan documents.  Plaintiff alleges that Defendants failed to provide him with Summary Plan Descriptions ("SPD"), with annual summaries and statements, and with notices and documents that ERISA requires plan administrators to furnish when an employee becomes a plan participant

2

or when an employee is terminated.

On October 27, 2005, Plaintiff filed a complaint in this Court alleging breach of contract, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, unjust enrichment, common law breach of fiduciary duty, promissory estoppel, and "breach of ERISA." This last count alleged that Defendants violated ERISA's reporting and disclosure requirements and breached their fiduciary duty under ERISA. On May 31, 2006, Plaintiff filed an amended complaint, which eliminated the breach of contract and promissory estoppel claims.

Defendants have moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), and for summary judgment under Rule 56. Defendants argue that all of Plaintiff's state law claims should be dismissed because they are preempted by ERISA; that Plaintiff's claims for breach of fiduciary duty under ERISA and for reporting and disclosure violations under ERISA should be dismissed because they are untimely; and that Defendants are entitled to summary judgment on the alleged ERISA reporting and disclosure violations because they have complied with ERISA's requirements.

## II. PLAINTIFF'S STATE LAW CLAIMS

Defendants move to dismiss Plaintiff's state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a cause of action upon which relief can be granted. Defendants argue that because ERISA's civil enforcement scheme provides the exclusive remedy for a cause of action arising under ERISA, Plaintiff's state law claims are preempted and counts one through five of the amended complaint should be dismissed. Those counts allege state law causes of action for fraudulent misrepresentation, fraudulent concealment, negligent

3

misrepresentation, unjust enrichment and common law breach of fiduciary duty.

A.    Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

B.    ERISA Preemption of State Law

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans."  Ingersoll-Rand Co. v. McClendeon, 498 U.S. 133, 137 (1990) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983)).  Congress provided that ERISA "shall supercede any and all state laws insofar as they may now or hereafter relate to any [ERISA] employee benefit plan."  29 U.S.C. § 1144(a).  The preemption provision is intended to prevent inefficiency for nationwide employers, which could potentially lead to reduced employee benefits.  See FMC Corp. v. Holliday, 498 U.S. 52, 60 (1990).  For the

4

purposes of ERISA preemption, state law is defined broadly to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."  29 U.S.C. § 1144(c)(1).

The Supreme Court has noted that ERISA's preemption clause is "conspicuous for its breadth."  <u>FMC Corp.</u>, 498 U.S. at 58.  In <u>Shaw v. Delta Airlines</u>, the Supreme Court explained that

> Congress used the words "relate to" in [§ 1144(a)] in their broad sense.  To interpret [§ 1144(a)] to pre-empt only state laws specifically designed to affect employee benefit plans would be to ignore the remainder of [§ 1144].  It would have been unnecessary to exempt generally applicable state criminal statutes from pre-emption in [§ 1144(b)], for example, if [§ 1144(a)] applied only to state laws dealing specifically with ERISA plans.

<u>Shaw</u>, 463 U.S. at 98.  Consequently, ERISA preempts state common law claims if they "relate to" an employee benefit claim.  <u>See, e.g.</u>, <u>Ragan v. Tri-County Excavating</u>, 62 F.3d 501, 512 (3d Cir. 1995) ("[E]ven a common law cause of action is preempted by ERISA if it conflicts directly with an ERISA cause of action."); <u>Scott v. Gulf Oil Corp.</u>, 754 F.2d 1499, 1504 (9th Cir. 1985) ("ERISA preemption extends to state common-law causes of action as well as state regulatory statutes, and [] claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are nonetheless preempted when the claims arise from the administration of such plans.").

C.    <u>Analysis</u>

Plaintiff argues that his state law claims for misrepresentation and concealment are too tenuously related to the Plan to warrant ERISA preemption.  (Pl.'s. Br. at 7.)  Specifically, Plaintiff argues that because he is not attempting to recover benefits from the Plan, and because Defendants' alleged misrepresentations primarily concerned their employment relationship with

Plaintiff, his claims do not "relate" to the Plan.

In <u>Ingersoll-Rand Co. v. McLendon</u>, the Supreme Court found that a plaintiff's wrongful discharge action brought under Texas law was preempted by ERISA.  <u>Ingersoll-Rand Co.</u>, 498 U.S. at 136.  The Texas Supreme Court had held that a wrongful discharge action premised on the allegation that the employer terminated the plaintiff "to avoid contributing to or paying benefits under the employee's pension fund" was not preempted by ERISA because the employee was not seeking to recover lost benefits, but future wages, damages for mental anguish and punitive damages.  <u>Id.</u>  The Supreme Court reversed, holding that the Texas common law claim was preempted, because "the existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge law."  <u>Id.</u> at 139-40.  The Supreme Court reasoned that "in order to prevail, plaintiff must plead, and the court must find, than an ERISA plan exists and that the employer had a pension-defeating motive in terminating the employment.  Because the Court's inquiry must be directed to the plan, this judicially created cause of action 'relate[s] to' an ERISA plan."  <u>Id.</u> at 140.

Similarly, in <u>Berger v. Edgewater Steel Co.</u>, 911 F.2d 911, 923 (3d Cir. 1990), Edgewater's former employees alleged that Edgewater had falsely represented that the employees would lose certain ERISA benefits if they did not retire by a certain date, which induced them into early retirement.  The Third Circuit affirmed the dismissal of the plaintiffs' misrepresentation claims based on ERISA preemption.  <u>Id.</u>

Plaintiff cannot escape ERISA preemption by characterizing the issue as one or several torts arising out of an employment relationship which by mere happenstance involve an ERISA plan.  As in <u>Ingersoll-Rand</u>, here "in order to prevail, plaintiff must plead, and the court must

find, than an ERISA plan exists," Ingersoll-Rand, 498 U.S. at 140, and that Defendants made misrepresentations about an ERISA plan or concealed information about an ERISA plan. Moreover, for Plaintiff to prevail on a negligent misrepresentation claim, he must show that the Plan, as it is presently constituted, does not conform with representations that Defendants made about the Plan.  Likewise, Plaintiff must show that Defendants concealed information from him relating to the Plan in order to prevail on a fraudulent concealment claim.[1]

In determining whether state law claims are preempted by ERISA "the relevant question must be whether the claim could have been the subject of a civil enforcement action under [ERISA]."  DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442, 447 (3d Cir. 2003) (quoting Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 273 (3d Cir. 2001)).  Defendants' alleged misrepresentation and concealment, made in the context of Plaintiff's benefits under an ERISA plan, could be the subject of civil enforcement claims under ERISA, either to compel the payment of benefits owed under the Plan or for breach of fiduciary duty.  Indeed, Plaintiff alleges that Defendants did breach their fiduciary duty under ERISA and the facts underpinning each of Plaintiff's state law claims are the same ones that give rise to his ERISA claim.

ERISA's "pre-emption provision was intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements."

---

[1]  Plaintiff relies on Greenblatt v. Budd Co., 666 F. Supp. 735 (E.D.Pa. 1987) (fraudulent misrepresentation not preempted by ERISA), and Sandler v. New York News Inc., 721 F. Supp. 506 (S.D.N.Y. 1989) (negligent misrepresentation not preempted by ERISA), a pair of cases which held that common law misrepresentation claims related to ERISA plans too tenuously or indirectly to warrant preemption.  These cases, however, predate the Supreme Court's decision in Ingersoll-Rand and subsequent courts have declined to follow them in light of the Supreme Court's decision.  See Smith v. Dunham-Bush, Inc., 959 F.2d 6 (2d Cir. 1992); Bernatowicz v. Colgate-Palmolive Co., 785 F. Supp. 488 (D.N.J. 1992), aff'd 981 F.2d 1246 (3d Cir. 1992). Plaintiff's brief does not argue that the his claims for unjust enrichment and common law breach of fiduciary duty are not preempted by ERISA.

Metro. Life Ins. Co. v. Mass., 471 U.S. 724, 739 (1985).   Permitting disappointed ERISA

participants to challenge their fiduciary's conduct outside of the ERISA framework would

undermine ERISA's sweeping preemption clause.   "The policy choices reflected in the inclusion

of certain remedies and the exclusion of others under the federal scheme would be completely

undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state

law that Congress rejected in ERISA."  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987).

Giving the phrase "relate to" its "broad common-sense meaning," Id., the Court concludes that

Plaintiff's state law claims "relate to" an ERISA plan.  See Franklin v. QHG of Gadsden, Inc.,

127 F.3d 1024, 1029 (11th Cir. 1997) (ERISA preempts state law claims seeking damages for

fraud, misrepresentation and deceit because the representations giving rise to the dispute referred

to an ERISA plan).  Therefore, the Court finds that Plaintiff's state law claims are preempted by

ERISA and Defendants' motion to dismiss these claims is granted.[2]


## III.    BREACH OF FIDUCIARY DUTY UNDER ERISA

Pursuant to Federal Rule of Civil Procedure 12(b)(6) Defendants move to dismiss

Plaintiff's claim for breach of fiduciary duty, brought under 28 U.S.C. § 1132(a) [ERISA §

502(a)], as barred by the relevant statute of limitations.  Defendants contend that because their

alleged breach occurred in 1981, when they allegedly promised to set aside a percentage of

---

[2] Plaintiff acknowledges that if his state law claims are dismissed he is not entitled to compensatory and punitive damages, or to a jury trial.  (Pl.'s. Br. at 34.)  See, e.g., Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989) (preemption of state law claims also preempts damages available under state law but not provided by ERISA); Id. at 637 (no right to jury trial under ERISA § 502(a) [28 U.S.C. § 1132(a)]).

Plaintiff's commissions into a retirement fund, the claim is untimely under ERISA's six year statute of limitations for breach of fiduciary duty.  Plaintiff argues, however, that because Defendants engaged in fraud or concealment to prevent discovery of their breach, the statute of limitations should be tolled to 2000, when Plaintiff discovered the breach.

A.      Motion to Dismiss Standard

As laid out, supra, in Section II.A., Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only if there are no set of facts which Plaintiff can prove that would entitle him to relief.   See Hishon, 467 U.S. at 73.

B.      Statute of Limitations for Breach of Fiduciary Duty Under ERISA

ERISA sets out a three part statute of limitations scheme for breach of fiduciary duty claims in 29 U.S.C. § 1113, which provides as follows:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of-
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

"This section thus creates a general six year statute of limitations, shortened to three years in cases where the plaintiff has actual knowledge of the breach, and potentially extended to six years from the date of discovery in cases involving fraud or concealment." Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197 (3d Cir. 2006) (quoting Kurz v. Phila. Elec. Co., 96 F.3d 1544, 1551 (3d Cir.1996)).  If Plaintiff's complaint does not allege that a breach occurred within the six

year statutory period, or facts sufficient to bring the claim within the "fraud or concealment"

exception, the claim should be dismissed.  <u>See</u> <u>Ranke</u>, 436 F.3d at 200-05.

C.      <u>Analysis</u>

        The complaint here was not filed until October 27, 2005.  As such, October 27, 1999, is

the last date on which a breach or violation could have occurred that may serve as a basis for this

action under the six year statute of limitations.  <u>See</u> 29 U.S.C. § 1113(1)(A).  Plaintiff's claim,

arising out of Defendants' alleged misrepresentations during the summer of 1981 (<u>See</u> Am.

Compl. at 3.), would clearly be time barred under the six year statute of limitations.  <u>See</u> <u>Ranke</u>,

436 F.3d at 205 ("ERISA's general six-year statute of limitations is triggered by a fiduciary's

action, not a beneficiary's discovery of the breach.").

        Plaintiff urges the Court to find that, under of the "fraud or concealment" exception, the

six year statute of limitations should be tolled to the date that Plaintiff discovered Defendants'

alleged breach, which occurred in or after August of 2000, when Defendants notified Plaintiff

that his accrued principal interest in the Plan amounted to only $360,300.00.  (Pl.'s. Br. at 35.)  In

order for Plaintiff to survive a motion to dismiss by tolling the statute of limitations based on the

"fraud or concealment" exception, he must allege in his complaint that Defendants took

"affirmative steps to hide an alleged breach of duty from a beneficiary."  <u>Ranke</u>, 436 F.3d at 204.

A failure to notify a beneficiary of a prior misrepresentation is not an affirmative step for

purposes of the "fraud or concealment" exception.  <u>Id.</u> at 205.  Plaintiff contends that

Defendants' alleged disclosure deficiencies satisfy the "fraud or concealment" exception.  (Pl.'s.

Br. at 39.)  Specifically, Plaintiff argues that Defendants' failure to provide an accounting of

Plaintiff's total accrued benefits constitutes an affirmative step.  (<u>Id.</u>)  Plaintiff points out that

"responding to questions in a manner that divert[s] the beneficiary from discovering a prior misrepresentation could make the 'fraud or concealment' exception applicable." Ranke, 436 F.3d at 204 (citing In re Unisys Corp. Retiree Med. Benefit ERISA Litig., 242 F.3d 497, 505 (3d Cir. 2001)).

The Court is satisfied, however, that Plaintiff's complaint does not allege that Defendants took affirmative steps to conceal their misrepresentations under the standard articulated in Ranke. (See Am. Compl. at 9-10.) The complaint does not allege any affirmative step taken by Defendants after 1981. "To the extent that any misleading communication did occur, or was believed to have occurred, it should have been pled in the complaint, but it was not." Ranke, 436 F.3d at 204. The complaint does allege that Defendants failed to provide plan documents, but only in the context of disclosure violations. (Am. Compl. at 9-10.) The complaint does not allege that Defendants' failure to produce documents was an affirmative step to conceal the discovery of Defendants' breach, and it is doubtful that a bare failure to disclose, without more, constitutes an affirmative step under Ranke. See Ranke, 436 F.3d at 205 ("[W]e do not consider a fiduciary's decision not to notify the beneficiary of a prior misrepresentation a separate breach of duty falling within the 'fraud or concealment' exception.").

Therefore, because ERISA's six year statute of limitations was triggered by the fiduciary's alleged actions in 1981, Plaintiff's breach of fiduciary duty claim is untimely, and Defendants' motion to dismiss this claim is granted.

## IV.    REPORTING AND DISCLOSURE VIOLATIONS

Plaintiff alleges that Defendants violated ERISA's reporting and disclosure requirements

by failing to provide (1) a copy of the SPD within 90 days after Plaintiff became a participant of

the Squire Plan, as required by 29 U.S.C. § 1024(b)(1); (2) a copy of the updated SPD every fifth

year during his status as a participant or beneficiary of the plan, also required by 29 U.S.C. §

1024(b)(1); (3) a copy of the statements and schedules described in 29 U.S.C. § 1023(b)(3)(A)-

(B); and (4) notification pursuant to 29 U.S.C. § 1166(a)(4) concerning Plaintiff's rights upon his

termination from Squire.  (Pl.'s. Br. at 31.)  Defendants contend that these claims are time barred

by the statute of limitations and should be dismissed, and that they are entitled to summary

judgment under Federal Rule of Civil Procedure 56 because they have compiled with ERISA's

reporting and disclosure requirements.

A.     Claims arising prior to October 27, 1999

Because ERISA does not contain a statute of limitations for non fiduciary violations, the

limitations "period is determined by reference to the state statute of limitations governing cases

most analogous to the cause of action asserted by the plaintiffs." Gavalik v. Cont'l Can Co., 812

F.2d 834, 843 (3d Cir. 1987).  Plaintiff does not dispute that the six year limitations period

provided by N.J.S.A. 2A:14-1 governs an action for reporting and disclosure violations under

ERISA.  Plaintiff's complaint was filed on October 27, 2005.  Therefore, any claim arising out of

a disclosure or reporting deficiency prior to October 27, 1999 is time barred and should be

dismissed.

Plaintiff's first alleged violation of ERISA's reporting and disclosure requirements is

therefore barred by the statute of limitations.  Plaintiff became a member of the Squire Plan in

1981.  It is too late for Plaintiff to seek redress for any reporting and disclosure deficiencies that

occurred when he first became a plan participant.

12

B.     Claims arising after October 27, 1999

      1.     **Summary Judgment Standard**

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Penn. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

      2.     **Standard for Awarding Damages for Reporting and Disclosure Violations**

Violations of ERISA's reporting and disclosure requirements do not give rise to substantive remedies absent "extraordinary circumstances." Ackerman v. Warnaco, Inc., 55 F.3d 117, 124 (3d Cir. 1995) ("Under ordinary circumstances defects in fulfilling the reporting and disclosure requirement of ERISA do not give rise to a substantive remedy."). ERISA provides that statutory damages of $100 per day may be awarded when a plan administrator:

> fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request.

29 U.S.C. § 1132(c)(1)(B).

Although the court must view the facts in the light most favorable to the nonmoving party, Anderson, 477 U.S. at 255, the decision to award monetary damages for a violation of ERISA's reporting and disclosure requirements is a matter of discretion. Gillis v. Hoechst Celanese Corp., 4 F.3d 1137, 1148 (3d Cir. 1993); see also 29 U.S.C. § 1132(c)(1). Despite technical violations of ERISA's reporting and disclosure requirements, a court may exercise its discretion and decline to award statutory penalties. Hennessy v. FDIC, 58 F.3d 908, 924 (3d Cir. 1995).

### 3.    Discussion

Plaintiff contends that Defendants have failed to provide (1) a copy of the SPD within 90 days after Plaintiff became a participant of the Squire Plan, as required by 29 U.S.C. § 1024(b)(1); (2) a copy of the updated SPD every fifth year during his status as a participant or beneficiary of the plan, also required by 29 U.S.C. § 1024(b)(1); (3) a copy of the statements and schedules described in 29 U.S.C. § 1023(b)(3)(A)-(B); and (4) notification pursuant to 29 U.S.C. § 1166(a)(4) concerning Plaintiff's rights upon his termination from Squire. As discussed, supra, in Section IV.A., the first of these claims is barred by the statute of limitations. Claims arising after October 27, 1999 are not barred by the statute of limitations. Defendants contend, however, that they are entitled to summary judgment because they have complied with ERISA's reporting and disclosure requirements.

The second alleged violation of ERISA's reporting and disclosure requirements is Defendants' failure to provide Plaintiff with SPDs. Plaintiff states that the only SPD in his possession is from July 2006. (See Finocchio Certification ¶ 11.) However, Plaintiff's previous counsel admitted that Plaintiff received SPDs in 1995 and in 2002. (See Def.'s Ex. E, H.) This

14

seven year gap would run afoul of the 29 U.S.C. § 1024(b)(1), which requires that ERISA plan administrators furnish an updated SPD to plan beneficiaries every fifth year.  According to that section:

> The administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, every fifth year after the plan becomes subject to this part an updated summary plan description described in [29 U.S.C. § 1022] which integrates all plan amendments made within such five-year period, except that in a case where no amendments have been made to a plan during such five-year period this sentence shall not apply. Notwithstanding the foregoing, the administrator shall furnish to each participant, and to each beneficiary receiving benefits under the plan, the summary plan description described in [29 U.S.C. § 1022] every tenth year after the plan becomes subject to this part.

29 U.S.C. § 1024(b)(1).  Defendants point out if the ten year requirement applies they are entitled to summary judgment because there is no ten year period culminating after October 27, 1999 during which Plaintiff did not receive a SPD.  If, however, the five year requirement were to apply then Defendants would not be entitled to summary judgment because the present record points to an  interval of more than five years between Plaintiff's receipt of SPDs during a period culminating after October 27, 1999.[3]  However, because there is no evidence indicating whether the Plan has been amended, the Court cannot determine whether the five year requirement or the ten year requirement applies.  Therefore the Court denies Defendants' motion for summary judgment for failure to furnish SPDs.

The third alleged reporting and disclosure violation is that Defendants have not complied with 29 U.S.C. § 1024(b)(3) by failing to furnish Plaintiff with a copy of statements and schedules within 210 after the close of the fiscal year.  The statements and schedules must

---

[3]  As the discussion, supra, in Section IV.A., makes clear, any disclosure deficiencies during the five or ten year period prior to 1995 are no longer be actionable because the entire period would be before October 27, 1999.

15

include:

> (A) a statement of the assets and liabilities of the plan aggregated by categories
> and valued at their current value, and the same data displayed in comparative form
> for the end of the previous fiscal year of the plan;
> (B) a statement of receipts and disbursements during the preceding twelve-month
> period aggregated by general sources and applications;

29 U.S.C. § 1023(b)(3)(A)-(B).  Defendants' submissions indicate that they have made numerous

disclosures to Plaintiff both before and since his termination from Squire (See Def.'s. Br. at 16).

For instance, Defendants demonstrate that Plaintiff was provided with annual summaries

between 1994 and 1999 that estimated his future benefits.  (See Def.'s. Ex. J.)  In a letter from

June 10, 2002, Plaintiff's former counsel acknowledged that Plaintiff received a SPD.  (See

Def.'s. Ex. H.)  In response to requests from Plaintiff, Defendants also provided him with a copy

of the Plan documents and a 5500 IRS form for the Plan year ending August 31, 2003.  (See

Def.'s. Ex. I.)  However, Defendants do not contend, nor does the record indicate, that Plaintiff

was provided with statements and schedules containing the information specified in 29 U.S.C. §

1023(b)(3)(A)-(B).  Therefore, the Court also denies Defendants' motion for summary judgment

for failure to provide Plaintiff with annual statements and summaries.

Finally, Defendants were also required to notify Plaintiff of his rights under the Plan

when he was terminated in August of 2000.  See 29 U.S.C. §§ 1163(2), 1166(a)(4).  Defendants

have not provided any evidence that they complied with this requirement.  Therefore, on the

current record, summary judgment is improper as to the second, third and fourth alleged

reporting and disclosure violations.

V.     **CONCLUSION**

        For the reasons stated in this opinion, the Court **GRANTS** the Defendants' Motion to

Dismiss and **DENIES** Defendants' Motion for Summary Judgment.


                                                /s/ Stanley R. Chesler    
                                              Stanley R. Chesler, U.S.D.J.
Date: February 22, 2007

17