**CL**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| GIACINTO FINOCCHIARO, | : |
|  | : |
| Plaintiff, | : |
|  | :   Civ. A. No. 05-5154 (SRC) |
| v. | : |
|  | :   **OPINION** |
| SQUIRE CORRUGATED CONTAINER | : |
| CORP., SEYMOUR S. BENEROFF, et al., | : |
|  | : |
| Defendants. | : |

<u>**Chesler, U.S.D.J.**</u>

      This motion comes before the Court on the motion filed by Defendants, Squire Corrugated Container Corporation and Seymour S. Beneroff, seeking to enforce the settlement agreement between Defendants and Plaintiff, Giacinto Finocchiaro. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132, and the motion has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth more fully below, the Court grants Defendants' motion to enforce the settlement.

**I. Background**

      The motion presently before the Court seeks to enforce the settlement memorialized on

the record before this Court on June 19, 2007. This law suit can be traced back to August 2000, when Plaintiff, Giacinto Finocchiaro left the employ of Defendant, Squire Corrugated Container Corporation ("Squire"). (Finocchiaro Cert., Ex. A). At that time, Squire provided Plaintiff an election form for the distribution of his pension benefits. (*Id.*) The election form presented four options from which Plaintiff could select: (1) a life annuity; (2) a lump sum payment; (3) a life annuity with payments guaranteed; and (4) a joint and survivor annuity. (*Id.*) Plaintiff signed and completed the form, and from that list, he selected the second option – to receive a lump sum payment – and to have the taxable portion of his benefit rolled over to his IRA. (*Id.*) On August 24, 2000, Plaintiff's attorney, Steven P. Marshall, also sent a letter stating, in part, that Plaintiff wished to receive a lump sum distribution from his pension plan and asked Squire to assume the obligation of posting a bond to entitle Plaintiff to the lump sum payment. (Bruno Cert., Ex. I). Squire refused to post the bond.

Over the next three years, the parties negotiated and by May of 2003 had exchanged drafts of a proposed written agreement. (Bruno Cert., ¶¶ 17-19, Ex J). However, the parties were not able to reach final agreement. On October 12, 2004, Plaintiff filed a complaint against Squire in the Superior Court of New Jersey, Law Division, Essex County, and the parties again attempted to negotiate settlement. (*Id.* at Ex. K). In October 2004, Squire provided Plaintiff a proposed settlement and stipulation of dismissal of the state court case. (*Id.*, Ex. L). However, the parties failed to reach settlement. (*Id.*)

On October 27, 2005, Plaintiff filed a complaint in this Court. [Docket item 1]. Defendants submitted an answer and the parties again attempted to negotiate settlement. On June 19, 2007, the parties appeared before this Court for a settlement conference. [Docket item

37]. At the conference, the parties reached a settlement agreement, the terms of which were set forth on the record before this Court, and are as follows:

| | |
|---|---|
| THE COURT: | All right. Let's spread the full terms of the settlement on the record. |
| MR. GILES: | Rosemary. |
| MS. BRUNO: | Would you like me to?  Your Honor, as I understand it, the terms will be set forth in full settlement agreement and general release, but in summary, they are there's no admission of liability, the defendant will pay to Mr. Finocchiaro's care $25,000.  Upon the delivery to it of an election form *for a joint and survivor annuity* under the pension plan, the counsel will sign a stipulation of dismissal with prejudice and without costs or fees to any party.  There will be a term that constitutes a general release of all claims arising out of the employment up until today, and a confidentiality term, of course, subject to the fact that this is on the record and disclosure to tax advisors, spouse and counsel. |
| THE COURT: | Is that indeed the settlement? |
| MR. GILES: | Yes, it is, your Honor. |
| THE COURT: | Mr. Finocchiaro, do you agree to that sir? |
| MR. FINOCCHIARO: | Yes, I do, your Honor.  I agree to anything that goes on. |

(Bruno Dec., Ex. A at Tr. 3:21-4:17, emphasis added).  After the above colloquy, the Court entered a sixty-day order dismissing the case.

On June 25, 2007, defense counsel e-mailed Plaintiff's counsel a draft settlement agreement and stipulation of dismissal.  (Bruno Dec., Ex. B).  Two days later, defense counsel sent Plaintiff's counsel a Participant Distribution Election form and related materials.  (Bruno

Dec., Ex. C). The election form identified several options, including a qualified annuity benefit, a life annuity, joint and survivor annuity, a lump sum distribution, a rollover of benefits to an IRA, and installment payments. (Bruno Dec., Ex. N). In the accompanying letter directed to Plaintiff's counsel, Defendants' counsel explained: "Pursuant to the terms of the settlement put on the record before Judge Chesler, your client is to complete and return the Election to me so that we may initiate the pension payments." (Bruno Dec., Ex. C). In the letter, defense counsel also asked Plaintiff's counsel to provide notice "if Mr. Finocchiaro wishes to have state tax withheld from his annuity payments." (*Id.*)

On July 23, 2007, defense counsel contacted Plaintiff's counsel by e-mail, stating that she wished to implement the settlement terms that were stated on the record before this Court on June 19, 2007, and that she needed the signed election form before doing so. (Bruno Dec., Ex. E). By e-mail dated July 30, 2007, Plaintiff's counsel contacted defense counsel with changes to the confidential written settlement agreement. (Bruno Dec., Ex. F). Defense counsel reports that immediately after receiving the e-mail, she called Plaintiff's counsel, Clayton Giles, advising him that she approved of the changes. (Bruno Dec. ¶ 9). According to defense counsel, she also asked that Plaintiff sign the agreement as revised and complete the benefits election form, selecting the joint and survivor annuity as obligated pursuant to the agreement. (*Id.*)

After receiving the new election form, Plaintiff sought advice from his accountant regarding the options listed on the form. (Finocchiaro Cert. ¶ 8). On August 13, 2007, Plaintiff's accountant contacted Defendants' attorney by telephone advising her that he was working with Plaintiff to obtain a lump sum payment. Defendants' counsel subsequently contacted Plaintiff's counsel – Mr. Giles and Joseph Fell – via e-mail advising them of the phone call. (Bruno Dec.,

Ex. G). Plaintiff's counsel – Mr. Giles – responded that he assumed that if lump sum was an option on the form, Plaintiff was free to make that election. (*Id.*) Defense counsel replied that she understood the agreement placed on the record before this Court called for Plaintiff to elect the annuity. (*Id.*)

The attorneys for Plaintiff and Defendants spoke by phone on August 23, 2007, but did not resolve the issue. (Bruno Dec., Ex. H). Defendants' counsel sent a letter to Plaintiff's counsel dated September 11, 2007, stating she had not yet received the completed election form or settlement agreement signed by Plaintiff. (*Id.*) Defense counsel advised Plaintiff's counsel that if the papers were not received by the end of the week, she would move to enforce the settlement placed on the record on June 19, 2007. (*Id.*)

On September 28, 2007, Defendants filed the instant motion to enforce settlement. [Docket item 40]. On October 11, 2007, Plaintiff submitted a signed election form to the Plan Trustee, Philip D. Cofield, at Abar Pension Services, Inc. (Finocchiaro Cert., Ex. B). On the form, Plaintiff selected a lump sum distribution and a direct rollover of his entire accrued benefit to his IRA. (Finocchiaro Cert., Ex. C). Plaintiff's counsel has submitted written opposition to Defendants' motion.

**II. Discussion**

Defendants argue that Plaintiff agreed, on the record before this Court on June 19, 2007, to elect a joint and survivor annuity as part of his settlement of this matter, and therefore, Defendants now ask the Court to enforce that portion of the agreement. Plaintiff contends that he did not agree to select a joint and survivor annuity. Plaintiff asserts that the parties agreed, in

relevant part, that Defendants would not share in the cost of the bond in the event Plaintiff elected a lump sum payment, and that Plaintiff would not receive retroactive application to his August 2000 termination date in the event Plaintiff elected an annuity. (Giles Cert. at ¶ 7; Finocchiaro Cert. at ¶ 3).

The Court first notes that New Jersey has a strong public policy in favor of settlements. *See Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990). Courts will therefore "strain to give effect to the terms of a settlement wherever possible." *Dep't of Pub. Advocate v. N.J. Bd. of Pub. Util.*, 206 N.J. Super. 523, 528 (App. Div.1985). Additionally, a settlement agreement is a form of a contract. *Mortellite v. Novartis Crop Prot., Inc.*, 460 F. 3d 483, 492 (3d Cir.2006) (citing *Borough of Haledon v. Borough of N. Haledon*, 358 N.J. Super. 289, 305 (App. Div. 2003)). Therefore, when parties voluntarily enter a settlement agreement to end a law suit, the resulting contract is binding upon them. *Green v. John H. Lewis. & Co.*, 436 F. 2d 389, 390 (3d Cir. 1970).

When disputes about settlement agreements arise, courts must look to general principles of local contract law to resolve the issues. *Id.* In accordance with traditional principles of contract law, "a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms." *Excelsior Ins. Co. v. Pennsbury Pain Center*, 975 F. Supp. 342, 349 (D.N.J. 1996). A "contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms." *United States v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997). Furthermore, an oral agreement as to the essential terms of a settlement is valid even though the parties intend to reduce their agreement to a formal writing at a later time. *Pascarella v. Bruck*, 190 N.J. Super. 118, 126 (App. Div. 1983)

(citing *Berg Agency v. Sleepworld- Willingboro, Inc.*, 136 N. J. Super. 369, 374 (App. Div. 1975) and *Comerata v. Chaumount, Inc.*, 52 N. J. Super. 299, 305 (App. Div. 1958)). As long as the "basic essentials are sufficiently definite, any gap left by the parties should not frustrate their intention to be bound." *Hagrish v. Olson*, 254 N.J. Super. 133, 138 (App. Div. 1992).

In this case, the parties appeared before the Court for a settlement conference on June 19, 2007. That day the parties reported to the Court that they had reached an agreement to settle, and elected to place the essential terms of the agreement on the record. At the request of Plaintiff's counsel, Defendants' counsel articulated the terms of the agreement on the record. The parties agreed that there would be "no admission of liability, the defendant will pay to Mr. Finocchiaro's care $25,000 [and u]pon the delivery . . . of an election form *for a joint and survivor annuity* under the pension plan, the counsel will sign a stipulation of dismissal with prejudice and without costs or fees to any party." (Bruno Dec., Ex. A at 4:2-7). Plaintiff's counsel then agreed, on the record, that the terms of the settlement had been accurately recited. (*Id*. at 4:12-13). The Court also asked Plaintiff if he agreed to the terms, and Plaintiff assured the Court that he did. (*Id*. at 4:14-20).

Plaintiff's argument that the did not agree to elect to receive his pension benefits in the form of an annuity is simply without merit. The settlement on the record clearly states that Plaintiff would submit "an election form for *a joint and survivor annuity*." The terms of the agreement presented by Plaintiff in opposition to this motion are not reflected in the settlement agreement placed on the record, nor are they identified in the unsigned draft of the written agreement submitted by Plaintiff's counsel. (Giles Cert., Ex. A). In short, because Plaintiff agreed, on the record, to elect a joint and survivor annuity, Plaintiff cannot now argue otherwise.

Finally, Defendants also ask the Court to order Plaintiff to pay Defendants' attorneys' fees related to this motion. Although Plaintiff has failed to follow through with the agreement as set forth on the record, the Court finds that, at this time, Plaintiff's conduct does not rise to the level necessary for the Court to impose such sanctions.

## III. Conclusion

For the reasons set forth above, Defendants' motion to enforce the settlement is granted, and Defendants' application for attorneys' fees is denied. An appropriate form of order will be filed.

                                                    s/ Stanley R. Chesler  
                                                    Stanley R. Chesler,  
                                                    United States District Judge

Dated: January 28, 2008